**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

February 21, 2006


Bruce J. Gering
Assistant United States Trustee
230 South Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57104-6321

Douglas Phillips Cummings, Jr., Esq.
4409 Lexington Circle
Sioux Falls, South Dakota  57103

    Subject:   ***In re Douglas Phillip Cummings, Jr.***
                   Chapter 7; Bankr. No. 05-40820

Dear Mr. Gering and Mr. Cummings:

    The matter before the Court is the United States Trustee's Motion to Dismiss for Substantial Abuse.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, the United States Trustee's motion will be granted.

    **Summary**.  Mr. Cummings filed for relief under chapter 7 of the bankruptcy code on June 13, 2005.  He owes the Internal Revenue Service $3,063.00; he owes six unsecured creditors $60,059.65; and he has monthly income of $3,950.12 and monthly expenses of $3,735.00.

    On September 6, 2005, the United States Trustee filed a motion under 11 U.S.C. § 707(b) to dismiss Mr. Cummings' case for substantial abuse.  In his motion, the United States Trustee questioned the reasonableness of Mr. Cummings' monthly expenditures for rent ($1,250.00), electricity and heating fuel ($300.00), garbage removal ($17.00), home maintenance ($100.00), and food ($450.00).  The United States Trustee suggested certain reductions in Mr. Cummings' spending for these items and argued with those reductions Mr. Cummings would be able to pay his unsecured creditors $36,544.32 over a three-year period or $60,907.20 over a five-year period.

    On September 27, 2005, Mr. Cummings filed an objection to the United States Trustee's motion to dismiss.  In his objection, Mr.

Re: *Douglas Phillip Cummings, Jr.*
February 21, 2006
Page 2


Cummings conceded his rent payment could be reduced[1] but argued even if it were he would not be able to pay a substantial amount of his unsecured debt.

On October 31, 2005, the United States Trustee filed a brief in support of his motion to dismiss. In his brief, the United States Trustee described three methods for determining the reasonableness of Mr. Cummings' housing costs: the 2003 Consumer Expenditure Survey;[2] the percentage of net income used to pay housing costs;[3] and the Internal Revenue Service's standard for housing and utility costs.[4] Using the first method, the United States Trustee calculated Mr. Cummings would have an additional $587.67 of monthly disposable income with which to pay his unsecured creditors. Using the second method and limiting to Mr. Cummings' housing costs to 25% of his net income, the United States Trustee calculated Mr. Cummings would have an additional $693.25 of monthly disposable income. Finally, using the third method, the United States Trustee calculated Mr. Cummings would have an additional $733.00 of monthly disposable income.

On November 7, 2005, Mr. Cummings filed a brief and an affidavit in support of his objection to the United States Trustee's motion to dismiss. In his brief, Mr. Cummings argued under *In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989), the Court may take into account his good faith and unique hardships. In his affidavit, Mr. Cummings described the circumstances giving rise to his monthly rent payment and offered explanations for several of his other monthly expenses. He then argued a better method for determining the reasonableness of his monthly rent payment would be to refer to the Department of Housing and Urban Development's Fair Market Rents for Existing Housing in Minnehaha and Lincoln County

---

[1] Mr. Cummings did not specify the amount by which his rent payment could be reduced.

[2] This method was approved by the Bankruptcy Appellate Panel for the Eighth Circuit in *Cox v. Fokkena* (*In re Cox*), 315 B.R. 850 (B.A.P. 8th Cir. 2004).

[3] This method was used by the courts in *In re Moreland*, 2005 WL 1925460 (Bankr. M.D.N.C. August 3, 2005); *United States Trustee v. Duncan* (*In re Duncan*), 201 B.R. 889 (Bankr. W.D. Pa. 1996); and *In re Baco*, 160 B.R. 283 (Bankr. W.D. Pa. 1993).

[4] This method was used by the court in *In re Elliott*, 2002 WL 970410 (Bankr. N.D. Iowa May 3, 2002).

Re: *Douglas Phillip Cummings, Jr.*
February 21, 2006
Page 3

for 2005.  Using that approach, Mr. Cummings calculated his monthly disposable income would be $546.12.  Alternatively, he argued if the Court were to use the 2003 Consumer Expenditure Survey to determine the reasonableness of his housing costs, it should also use that Survey to adjust upward any of his other expenses that are lower than the norm.  Using that approach, Mr. Cummings calculated his monthly disposable income would be $549.12 or, if the Survey's figures were adjusted using a two-percent inflation rate, $411.29.  Finally, Mr. Cummings argued the Court should consider other factors, including the fallout from his 1996 divorce, his desire to resume making contributions to his retirement fund, and a heart problem that was discovered in the fall of 2004, in determining whether to dismiss his case.[5]

The matter was set for hearing on November 9, 2005.  However, the parties agreed to submit the matter on the United States Trustee's motion, Mr. Cummings' objection thereto, and the other documents filed by the parties described above.  Thus, no hearing was held.

On December 30, 2005, the parties filed stipulated facts regarding the manner in which the Internal Revenue Service's claim against Mr. Cummings would have to be treated under a chapter 13 plan.  The parties stipulated if Mr. Cummings were successful in disputing the Internal Revenue Service's claim that he owes taxes in connection with his negotiated settlement with Chase Manhattan Bank, he would owe the Internal Revenue Service only $2,451.00; and if he were also successful in resolving an alleged discrepancy in the amount of tax withheld from a 401K distribution, he would owe the Internal Revenue Service nothing.  The parties further stipulated if the Internal Revenue Service successfully claims Mr. Cummings owes taxes in connection with his negotiated settlement with First National Bank of Omaha, he would owe the Internal Revenue Service an additional $2,200.00 to $2,300.00.

The matter was then taken under advisement.

**Discussion.**  Pursuant to 11 U.S.C. § 707(b), the Court may dismiss a chapter 7 case "if it finds that the granting of relief would be a substantial abuse" of chapter 7.  The bankruptcy code does not define "substantial abuse."  However, § 707(b) is intended to promote fairness to creditors and prevent the use of chapter 7 by unneedy debtors.  *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1288 (8th Cir. 1997).

---

[5] Mr. Cummings admitted, however, he is "currently healthy."

Re: *Douglas Phillip Cummings, Jr.*
February 21, 2006
Page 4

In interpreting § 707(b), the Eighth Circuit Court of Appeals has held the primary inquiry is whether the debtor has the ability to pay his creditors. *Id.* (citing *In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989)); *Nelson v. Siouxland Federal Credit Union (In re Nelson)*, 223 B.R. 349, 353 (B.A.P. 8th Cir. 1998). A debtor's ability to pay his creditors is measured by evaluating the debtor's financial condition in a hypothetical chapter 13 case. *Id.* The analysis includes the expectation that the debtor would put forth his best efforts in a chapter 13 plan. *In re Shelley*, 231 B.R. 317, 319 (Bankr. D. Neb. 1999); *In re Pamela E. Beauchamp*, Bankr. No. 97-50487, slip op. at 6 (Bankr. D.S.D. May 28, 1998) (citing *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995)). If the debtor has the substantial ability to pay his creditors, his chapter 7 case should be dismissed. *Koch*, 109 F.3d at 1288.

In this case, the Court does not need to determine which of the parties' various approaches is the best way to determine the reasonableness of Mr. Cummings' monthly expenses, and thus his actual monthly disposable income. Mr. Cummings admitted in his affidavit he has the ability to pay at least $21,640.40 ($24,677.40 less the Internal Revenue Service's $3,063.00 priority claim) to his general unsecured creditors over a five-year period. This represents a substantial portion of his general unsecured debt. Under any of the parties' other scenarios, Mr. Cummings has an even greater ability to pay.

It must be noted Mr. Cummings does not appear to have made any allowance for the percentage fee he would have to pay the chapter 13 trustee if he were to convert his case to chapter 13. Using Mr. Cummings' figures, and allowing for the chapter 13 trustee's percentage fee, the Court calculates he would still have the ability to pay at least $19,146.66 to his unsecured creditors over a five-year period.

| | |
|---|---|
| $24,677.40 | five years' disposable income |
| $2,467.74 | less chapter 13 trustee's percentage fee (10%) |
| $3,063.00 | less Internal Revenue Service's priority claim |
| $19,146.66 | amount available for unsecured creditors |

This still represents a substantial portion of Debtor's general unsecured debt.[6]

---

[6] Neither Mr. Cummings' nor the Court's calculations take into account the possibility the Internal Revenue Service's priority claim could be reduced, eliminated, or increased for the reasons set forth in the parties' stipulated facts. However, the parties

Re: *Douglas Phillip Cummings, Jr.*
February 21, 2006
Page 5


In his brief, Mr. Cummings pointed out that under *Walton*, 866 F.2d 931, the Court may take into account his good faith and unique hardships. This is an accurate statement, insofar as it goes. However, the *Walton* court went on to say, "the cramped interpretation of section 707(b) that Walton advances would drastically reduce the bankruptcy courts' ability to dismiss cases filed by debtors who are not dishonest, but who also are not needy." *Walton*, 866 F.2d at 983.

None of the additional factors described in Mr. Cummings' affidavit alters the Court's conclusion that Mr. Cummings has the substantial ability to pay his creditors. While the Court is sympathetic to Mr. Cummings' situation, those factors, and any change in the amount of the Internal Revenue Service's priority claim, would more appropriately be considered in the context of his efforts to confirm a chapter 13 plan.

Mr. Cummings' substantial ability to pay his creditors, in and of itself, warrants dismissal of his case for substantial abuse. *Koch*, 109 F.3d at 1288. His case will therefore be dismissed in ten days, unless he voluntarily converts it to chapter 13.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge


INH:sh

cc:  case file (docket original; serve to parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

have given the Court no basis for assessing the likelihood of any such reduction, elimination, or increase.